**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| THOMAS LEE REESE, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:02-CR-705-RWS |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL ACTION NO. |
| | : | 1:06-CV-0385-RWS |

## ORDER AND OPINION

Movant, Thomas Lee Reese, a federal inmate, seeks to challenge pursuant to 28 U.S.C. § 2255 his January 6, 2004, conviction. [Doc. 77]. This matter is before the Court on the instant § 2255 motion [Doc. 77], Movant's supplemental motion to incorporate certain appendices [Doc. 78],[1] and the Government's response [Doc. 82]. For the reasons set forth in detail below, Movant's § 2255 motion is granted in part and denied in part.

### I. Procedural and Factual Background

On November 12, 2002, a federal grand jury in this Court indicted Movant on the following charges: (1) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count One); and (2) possession of ammunition by a convicted

---

[1] Movant's supplemental motion to incorporate appendices A, B, and C [Doc. 78] into the record is **GRANTED**.

felon, also in violation of § 922(g) (Count Two). [Doc. 1]. After proceeding to trial, the jury found Movant not guilty of the charge contained in Count One and guilty of the charge contained in Count Two. [Doc. 57].

Before sentencing, the probation officer prepared a Pre-Sentence Investigation Report ("PSR"). In summarizing Movant's offense conduct, the probation officer stated that Movant had been taken into custody on a battery charge for kicking an unconscious man in the back of the head. (PSR at ¶ 8). "During a search incident to [Movant's] arrest, officers recovered a 12 gauge shotgun shell from his pocket." (Id.).

The probation officer listed Movant's base offense level at 24. (PSR at ¶ 13). The probation officer then determined Petitioner's criminal history category to be VI based on several prior convictions. (PSR at ¶¶ 23-43). As part of his criminal history, Petitioner was convicted of three separate felony offenses in the Superior Court of North Carolina, consisting of: (1) attempted second degree rape on March 17, 1988 (PSR at ¶ 29); (2) common law robbery on November 14, 1991 (PSR at ¶ 30); and (3) common law robbery on May 26, 2004 (PSR at ¶ 32). Based on these state felony convictions, the probation officer determined that Movant was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and its related sentencing guideline, U.S.S.G. § 4B1.4. (PSR at ¶ 44). Accordingly, the probation officer set Movant's adjusted offense level at 33. (PSR at ¶ 44). Based on

these calculations, the probation officer recommended a sentencing guideline range of 235-293 months' imprisonment. (PSR at p.12).

Neither Movant nor the Government objected to the factual findings or sentence calculations in the PSR. Pursuant to U.S.S.G. § 5K2.0 and the Eighth Amendment of the Constitution, Movant filed a motion for downward departure from the applicable guideline range. [Doc. 61]. At the sentencing hearing, Movant's counsel argued that this Court should depart downward because "20 years for possession of a shotgun shell is unjust punishment and punishment that is disproportionate to the crime he was convicted of." [Doc. 71, Sentencing Hearing Transcript ("ST") at 20]. Movant's counsel further moved for a "downward departure as to the extraordinary abuse [Movant] suffered as a child . . .; the domestic violence he experienced . . .; the impact his incarceration has had and will continue to have on his family; his emotional condition of present; and the conditions under which he has been confined at Atlanta Pretrial." [Id. at 21].

This Court denied Movant's motion at the sentencing hearing, concluding that it lacked any discretion under the applicable sentencing guidelines to depart downward and that no other ground advanced by Movant warranted a downward departure. [Id. at 39-41). This Court then proceeded to sentence Movant to 235 months in prison on his Count Two conviction. [Id. at 41].

3

Movant appealed his conviction and sentence to the Eleventh Circuit Court of Appeals. [Doc. 64]. Movant asserted that "the district court erred by: (1) admitting the testimonial evidence of his prior gun possessions; and (2) concluding that it lacked the discretion to depart from the United States Sentencing Guidelines and refusing to impose a lower sentence than the guideline range." [Doc. 74] (United States v. Reese, No. 04-10147 at 2). After rejecting each of these claims, the Eleventh Circuit affirmed Movant's conviction and sentence. (Id. at 2-9). On February 22, 2005, the Supreme Court denied Movant's petition for writ of certiorari. Reese v. United States, 543 U.S. 1170 (2005).

## II. The Instant § 2255 Motion

On February 21, 2006, Movant filed his § 2255 motion. [Doc. 77]. Movant raises the following claims:

(1) "this Court imposed an unconstitutional sentence of 235 month under a then mandatory Guidelines system instead of the 180 month statutory mandatory minimum sentence" (Ground One);

(2) "this Court imposed a sentence under 18 U.S.C. § 924(e) without requiring the Government to allege [Movant's] prior convictions for crimes of violence in the indictment and to prove each of them beyond a reasonable doubt" (Ground Two); and

(3) this Court imposed a sentence under 18 U.S.C. § 924(e) that was based on unconstitutionally obtained state court convictions in violation of the Constitution and laws of the Unites States as specified herein" (Ground Three).

4

[Doc. 77 at 1].

### III. Standard of Review

Congress enacted 28 U.S.C. § 2255, authorizing a convicted criminal defendant to file a motion to correct a sentence that violates federal law, with the intention that the statute serve as the primary method of collateral attack on federally imposed sentences. United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990). Pursuant to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." Hill v. United States, 368 U.S. 424, 426-27 (1962). "To obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). The movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Bowen v. Johnston, 306 U.S. 19, 27 (1939).

### IV. Analysis

**A.  Grounds One and Two**

### The Parties' Contentions

Citing United States v. Booker, 543 U.S. 220 (2005), Movant claims in Ground One that "this Court imposed an unconstitutional sentence of 235 month under a mandatory Guidelines system instead of a more reasonable sentence." [Doc. 77 at 7]. While conceding that Booker does not apply retroactively to cases on collateral review, Movant nevertheless contends that this Court is "now free to impose a reasonable sentence as dictated by the statutory factors enumerated under 18 U.S.C. § 3553(a)." [Id. at 7-8]. The Government responds that Movant's "case was concluded long before Booker was decided and, thus, the holding in that case has no bearing on the constitutionality of [Movant's] sentence on collateral review." [Doc. 82 at 6-7].

In his related claim in Ground Two, Movant claims that "this Court imposed a sentence under 18 U.S.C. § 924(e) without requiring the Government to allege [Movant's] prior convictions for crimes of violence in the indictment and to prove each of them beyond a reasonable doubt." [Doc. 77 at 1, 9-10]. The Government argues that Movant's claim in Ground Two fails because it was not necessary to allege Movant's felony convictions in the indictment and to submit those facts to the jury. [Id. at 7-8].

AO 72A
(Rev.8/82)

**Applicable Legal Principles**

The Federal Sentencing Guidelines ("Guidelines") provide that "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." U.S.S.G. § 4B1.4(a). Section 924(e), in turn, provides that "a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1).

Before Booker was decided, the Supreme Court held that it was unnecessary for the government either to allege in an indictment or to prove beyond a reasonable doubt before a jury that a defendant had prior convictions in order for a district court to use those prior convictions to enhance a sentence. Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998). The Supreme Court explicitly declined to overrule Almendarez-Torres when it later held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (emphasis supplied). In 2004, the Supreme Court clarified that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may

7

impose without any additional findings." Blakely v. Washington, 542 U.S. 296, 303-04 (2004).

In Booker, the Supreme Court applied Blakely to the Guidelines, concluding that the mandatory nature of the Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. Booker, 543 U.S. at 231-36. The Booker court reaffirmed the holding in Apprendi. Id. at 244. "As a remedy, in Booker, the Court rendered the Guidelines "'effectively advisory' by excising 18 U.S.C. § 3553(b)(1) (requiring a sentence within the Guideline range, absent a departure) and 18 U.S.C. § 3742(e) (establishing standards of review on appeal, including de novo review of departures from the applicable Guideline range)." United States v. Thomas, 446 F.3d 1348, 1354 (11th Cir. 2006) (citing Booker, 543 U.S. at 259).

In the wake of Booker, the Eleventh Circuit recognizes that "[t]here are two types of Booker error which a district court may commit in sentencing: constitutional and statutory." United States v. Lee, 427 F.3d 881, 891 (11th Cir. 2005). The Eleventh Circuit explains in Lee:

> A constitutional Booker error [under the Sixth Amendment] occurs when extra-verdict enhancements are used to reach a result under the [Guidelines] that is binding on the sentencing judge. A statutory Booker error, in contrast, consists in sentencing a defendant under the Guidelines

8

as if they were mandatory and not advisory, even in the absence of a Sixth Amendment violation.

Id.

**Analysis of Ground One**

Movant contends that "he is deserving of relief retroactively" even though he "did not have the good fortune of prosecuting his direct appeal after Booker was decided." [Doc. 77 at 8]. The Eleventh Circuit has held, however, that the Supreme Court's decision in Booker does not apply retroactively to cases on collateral review, such as a § 2255 motion. Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (holding that Booker falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review).

While Booker does not apply retroactively to cases on collateral review, this Court finds that it is not precluded from considering Movant's Booker claim in Ground One. Both Movant and the Government have overlooked the fact that Movant's direct appeal concluded after the Supreme Court decided Booker. Indeed, Movant's case remained on direct appeal until February 22, 2005, when the Supreme Court denied Movant's petition for writ of certiorari. See Reese, 543 U.S. 1170. Because Movant's direct appeal did not become final before the Supreme Court's January 12, 2005, decision in Booker, this Court must conclude that Booker is applicable to Movant's

9

case. See Clay v. United States, 260 Fed. Appx. 239, 240 (11th Cir. 2008).[2] See also Teague v. Lane, 489 U.S. 288, 295 (1989) (defining "final" as occurring "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for *certiorari* had elapsed" (internal quotations omitted)).

In turning to the merits of Movant's claim in Ground One, Booker requires that "the sentencing court first must correctly calculate the guideline range and then must treat that range as advisory and impose a reasonable sentence." United States v. Pita, No. 08-17070, 2009 WL 2195802 at *2 (11th Cir. Jul. 24, 2009) (citing United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005)). A sentence is considered procedurally unreasonable if, among other things, the court improperly calculated the guideline range. Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 587 (2007). In determining whether a sentence is substantively reasonable, the district court must consider the factors set forth in § 3553(a). Pita, 2009 WL 2195802 at *2 (citing Gall, 552 U.S. at __, 128 S. Ct. at 598-99). Thus, pursuant to § 3553(a), the district court must consider the following factors in order to arrive at a reasonable sentence:

---

[2] In Clay, the Eleventh Circuit concluded that Booker applied to the movant's case in his § 2255 motion because his criminal proceeding did not become final until February 28, 2005, when the Supreme Court denied his petition for a writ of certiorari. Clay, 260 Fed. Appx. at 240. The Eleventh Circuit remanded the case "to the district court with instructions that it address the Booker claim." Id.

10

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Talley, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)).

In attacking a sentence as substantively unreasonable, "[n]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." Talley, 431 U.S. at 786.

Movant essentially challenges this Court's sentence as substantively unreasonable based on his contention that it failed to consider the "statutory factors enumerated in . . . § 3553(a)" when imposing the sentence." This Court recognizes that it imposed its 235-month sentence against Movant prior to the Supreme Court's decision in Booker. During the sentencing hearing, this Court specifically inquired "whether the Guidelines [had] contemplated the nature of the offense committed [and]

11

whether there's room for consideration of the nature of the offense." [Doc. 71, ST at 39-40]. Nevertheless, this Court declined to grant Movant's motion for a downward departure due to its determination that it lacked discretion to do so. [Id. at 39-40].

Under § 3553(a), the nature of the offense is one factor a court may consider when imposing a sentence. This Court, however, did not expressly acknowledge the § 3553(a) factors, including the factor referencing the nature of the offense, when it declined to impose a sentence below the applicable guideline range. Upon careful review of the sentencing transcript, this Court concludes that it committed statutory Booker error when it applied the Guidelines as mandatory and did not properly consider the factors set forth in § 3553(a). See United States v. Shelton, 400 F.3d 1325, 1330-34 (11th Cir. 2005); United States v. Owens, 163 Fed. Appx. 845, 847 (11th Cir. 2006).

Accordingly, Movant is entitled to § 2255 relief in the form of a resentencing hearing with respect to his statutory Booker claim in Ground One. Because the Guidelines are not mandatory, this Court will consider the factors listed in § 3553(a) in determining whether a sentence below the applicable guideline range, subject to the statutory minimum of fifteen years, is appropriate.

12

**Analysis of Ground Two**

In Ground Two, Movant asserts a constitutional Booker error when he claims that "this Court imposed a sentence under 18 U.S.C. § 924(e) without requiring the Government to allege [Movant's] prior convictions for crimes of violence in the indictment and to prove each of them beyond a reasonable doubt." [Doc. 77 at 1, 9-10]. Movant contends that the holding in Almendarez-Torres should be revisited in light of the Supreme Court's decisions in Booker and Shepard v. United States, 544 U.S. 13 (2005).³ [Id. at 9].

Contrary to Movant's contentions, the Eleventh Circuit recognizes that Booker does not disturb the Supreme Court's holdings in Almendarez-Torres or Apprendi. See United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir. 2005). Indeed, the Supreme Court in Booker reaffirmed the proposition in Apprendi that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the

---

³ "In Shepard, the Supreme Court limited the types of evidence a district court can constitutionally consider to determine whether a prior burglary conviction qualifies as a violent felony for purposes of the [ACCA] where the statutory definition of burglary included both violent and non-violent conduct." United States v. Velasco, 181 Fed. Appx. 860, 862 (11th Cir. 2006) (citing Shepard, 544 U.S. at 15-17). The Supreme Court in Shepard explained that "[w]hile the disputed fact [over whether a burglary was a violent felony under the ACCA] can be described as a fact about a prior conviction, it is too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to . . . Apprendi, to say that Almendarez-Torres clearly authorizes a judge to resolve the dispute." Shepard, 544 U.S. at 25.

13

maximum authorized by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244 (emphasis supplied). Furthermore, "[a]lthough recent decisions, including [Shepard], may arguably cast doubt on the future prospects of Almendarez-Torres's holding regarding prior convictions, the Supreme Court has not explicitly overruled Almendarez-Torres. As a result, we must follow Almendarez-Torres." United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 (2005).

Accordingly, this Court did not violate Movant's Sixth Amendment rights when it enhanced his sentence under the ACCA based on three prior felony convictions. Movant, therefore, is not entitled to § 2255 relief with respect to his claim in Ground Two.

### B. Ground Three

In Ground Three, Movant claims that "this Court imposed a sentence under 18 U.S.C. § 924(e) that was based on unconstitutionally obtained state court convictions in violation of the Constitution and laws of the Unites States as specified herein." [Doc. 77 at 1]. Movant contends that he is in the process of challenging the three prior convictions in North Carolina used to enhance his sentences under the ACCA and that he will not be subject to the enhanced sentence if two of the three prior convictions are vacated. [Id. at 11].

14

"[A] defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." Johnson v. United States, 544 U.S. 295, 303 (2005). A federal prisoner may "proceed under § 2255 after . . . favorable resort to any [available] postconviction process" securing the vacatur of a prior conviction. Id. at 304. In general, however, a federal prisoner may not challenge a prior state conviction directly in a § 2255 motion. Id. at 303 (noting that collateral attacks upon such convictions are "off-limits" in § 2255 proceedings, with "one exception . . . for challenges to state convictions allegedly obtained in violation of the right to appointed counsel").

On March 17, 2006, Movant submitted an addendum which alerted this Court that Movant was currently seeking state habeas relief with respect to his prior convictions in North Carolina. [Doc. 79]. To date, Movant has offered no evidence to demonstrate that any of his prior convictions used to enhance his sentence have been vacated. Furthermore, Movant has failed to suggest that any of his prior convictions were obtained in violation of his right to counsel. Accordingly, Movant is not entitled to § 2255 relief with respect to his claim in Ground Three.

## V. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Movant's supplemental motion to incorporate certain appendices [Doc. 78] is **GRANTED**.

15

**IT IS FURTHER ORDERED** that Movant's § 2255 motion [Doc. 77] is **GRANTED IN PART and DENIED IN PART**. Movant's § 2255 motion is **GRANTED** as to his statutory Booker claim in Ground One and is **DENIED** as to the remaining grounds. Movant, therefore, is entitled to a resentencing hearing so that this Court can apply the Guidelines in an advisory manner consistent with Booker.

Because Movant is already represented by counsel, it is unnecessary to appoint counsel for his resentencing hearing. The Court will enter a separate Order in the criminal case setting a re-sentencing hearing.

**IT IS SO ORDERED**, this  30th  day of September, 2009.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)